■ MURRAY E. SPIRGEL, Respondent, v HENRY H. ACKERMAN & Co. et al., Appellants. [633 NYS2d 144] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered February 3, 1995, which denied defendants' motion to dismiss the complaint on the grounds of lack of personal jurisdiction or forum non conveniens, unanimously affirmed, with costs.

Defendant partnership's relatively stable continuing client base in New York both before and after its move to Paramus, New Jersey in 1980, its use of an attorney's office in Manhattan as a conference room, its involvement in New York litigation on behalf of a New York client in the late 1980's, and defendant Eichen's residence in New York are sufficient to establish a presence in New York for purposes of jurisdiction under CPLR 301. Jurisdiction also exists under CPLR 302 (a) (1). Plaintiff's allegation that the individual defendants have misappropriated fees attributable to New York clients with whom the partnership had contracted to perform services both before and after its move to New Jersey establishes the necessary nexus between the business transacted and the cause of

action. While New Jersey would be a suitable alternative forum, Paramus is hardly so distant as to make travel to a Manhattan courthouse an inconvenience, and defendants have otherwise failed to sustain their burden of "demonstrat[ing] relevant private or public interest factors which militate against accepting the litigation" (*Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479, *cert denied* 469 US 1108). Concur— Sullivan, J. P., Ellerin, Ross, Tom and Mazzarelli, JJ.